IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINALD NEAL,<br><br>                    Petitioner,<br><br>vs.<br><br>CHARLES E. SAMUELS, Jr.,[1] Director,<br>Federal Bureau of Prisons,<br><br>                    Respondent. | No. 9:09-cv-00987-JKS<br><br>MEMORANDUM DECISION |

Reginald Neal, a federal prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Neal is currently in the custody of the Federal Bureau of Prisons, incarcerated at the U.S. Penitentiary, Hazelton, Bruceton Mills, West Virginia. Respondent has answered, and Neal has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

Pursuant to a negotiated plea agreement, Neal entered a guilty plea to charges of racketeering (18 U.S.C. § 1962(c)), conspiracy to murder in aid of racketeering (18 U.S.C. § 1959(a)(5)), and drug conspiracy (21 U.S.C. § 846). All other charges were dismissed. In March 2001 the United States District Court for the District of Massachusetts sentenced Neal to a prison term of 240 months on the racketeering conviction and 64 months on both the conspiracy to murder in aid of racketeering and drug conspiracy convictions, to be served concurrently with each other and consecutive to the racketeering conviction, for a total sentence of 304 months. The Judgment included the following notation: "Total amount imposed (304 months) reflects 56

---

[1] Charles E. Samuels, Jr., Director, Federal Bureau of Prisons, is substituted for Deborah G. Schult, Warden, Federal Correctional Institute, Ray Brook. Fed. R. Civ. P. 25(d).

months credit for time served while in state custody on a related case per U.S.S.G. G1.3(b). This should not be construed as a departure from the guideline range."[2]

On December 1, 2008, Neal filed a Request for an Administrative Remedy (BP-229) that he be given Good Conduct Time ("GCT") based upon a 360-month sentence with the Warden at the Federal Correctional Institute in Ray Brook. The Warden denied his request and the Regional Director upheld the decision on February 6, 2009. Neal attached to his Petition a copy of a letter dated July 22, 2009, indicating that he filed a Central Office Administrative Appeal with the Office of General Counsel on April 7, 2009; however, the record does not indicate that the appeal was processed.[3] Neal filed his Petition for relief in this Court on August 26, 2009.

On August 27, 2009, Neal filed a Motion to Correct a Judgement in a Criminal Case in the District of Massachusetts.[4] On September 22, 2009, in an Electronic Order, the trial court denied Neal's motion, holding:

> Judge Nancy Gertner: Electronic ORDER entered denying Motion to Correct Judgment as to Reginald D. Neal (32). "Defendant Neal moves to correct the sentence he received on March 15, 2001 because he has not received good conduct credit for the 56 months he spent in state custody prior to sentencing. At the time of sentencing, this Court intended that the Bureau of Prisons treat his sentence as 360 months for purposes of calculating good conduct credit, so that his total time served would be equivalent to a similarly situated defendant who served his initial 56 months in federal custody. Assuming good behavior, Neal would be entitled to over eight months of credit for that time in state custody. See 18 U.S.C. § 3624(b). If the

---

[2] Docket No. 1 at 16.

[3] Normally a federal prisoner must exhaust his administrative remedies prior to seeking habeas relief. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). In this case, Respondent does not assert that Neal has not exhausted his administrative remedies; consequently, in ruling on Neal's petition this Court assumes that the Central Office denied his appeal for the reasons stated by the Regional Director.

[4] *United States v. Neal*, 1:98-cr-10185-NG-32, Docket No. 2040. This Court takes judicial notice of the records in that case. Fed. R. Evid. 201.

Court had known that the Bureau of Prisons would not give him credit for time already served, it would have reduced his total sentence by eight months. This Court lacks jurisdiction, however, to correct sentencing errors of this kind years after sentencing. See Fed. R. Crim. P. 35(a) ("Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."); see also United States v. Fahm, 13 F.3d 447, 454 n.8 (1st Cir. 1994) ("Rule 36 is considered generally inapplicable to judicial errors and omissions." The Motion to Correct Judgment in a Criminal Case 2040 is DENIED."[5]

On November 25, 2009, the Massachusetts District Court denied reconsideration in a text entry.[6]

It does not appear from the record in that case that Neal appealed the denial of either motion.

In denying Neal's Appeal at the regional level, the Regional Director held:

> You appeal the decision of the Warden at FCI Ray Brook regarding the calculation of your Good Conduct Time (GCT). You contend you should earn GCT based on a 360-month term and not the "adjusted" sentence imposed of 304 months.
> Your records revealed the following. On February 12, 2001, you were sentenced in the United States District Court for the District of Massachusetts to a total term of 304 months, for violation of 18 U.S.C. §1962(c), Racketeering, 18 U.S.C. § 1959(a) (5), Conspiracy to Murder in Aid of Racketeering and 21 U.S.C. §846, Drug Conspiracy. The Sentencing Judge applied the Sentencing Guideline 5G1.3(b) and adjusted the potential sentence of 360 months by 56 months since your federal offense was related to your state offense and since the 56 months would not qualify for federal prior custody credit under 18 U.S.C. § 3585(b). This period of time was credited to your state sentence and § 3585(b) prohibits double credit. The federal sentence was ordered to run concurrent with your state sentence. Your federal sentence commenced on February 12, 2001, under 18 U.S.C. § 3585(a).
> Good Conduct Time (GCT) is governed by 18 U.S.C. § 3624(b), which provides the following: "... [A] prisoner who is serving a term of imprisonment of more than one year other than [life], may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, ...." The Bureau applies available GCT to time spent serving a federal sentence and to time considered as prior custody credit under § 3585(b). The adjustment by the Sentencing Judge was for time in detention which did not meet the requirements

---

[5] *Neal*, 1:98-cr-10185-NG-32, text only entry dated September 22, 2009.

[6] *Neal*, 1:98-cr-10185-NG-32, text only entry dated November 25, 2009.

of § 3585(b). The 56 month period is not part of your sentence and does not qualify for assessment of GCT under § 3624(b). Accordingly, your appeal is denied.[7]

## II.  GROUNDS RAISED/DEFENSES

Neal raises a single ground: the Bureau of Prisons (BOP) incorrectly calculated his GCT based upon a sentence of 304 months, not 360 months. Respondent does not assert any affirmative defense.

## III.  STANDARD OF REVIEW

In this case, this Court is called upon to interpret and apply a statute, 18 U.S.C. § 3624(b), "Credit toward service of sentence for satisfactory behavior." As presented in this case the question is the definition of "term of imprisonment" as used in the phrase "[a prisoner] may receive credit toward the service of the prisoner's sentence . . . of up to 54 days at the end of each year of the prisoner's *term of imprisonment*."[8] Neal contends that he is entitled to credit for the 56 months he spent in state prison on the related charge prior to the imposition of sentence in the District of Massachusetts. Respondent contends he is not. "Because the BOP is the agency charged with implementing § 3624(b), whether and to what extent [this Court] should defer to the BOP's interpretation turns first on whether the statute is ambiguous."[9] Two standards are applicable to the deference given to agency interpretations of statutes: the *Chevron* standard, i.e., the agency's interpretation is controlling unless it is arbitrary, capricious, or manifestly contrary

---

[7] Docket No. 1 at 18.

[8] 18 U.S.C. § 3624(b) (emphasis added).

[9] *Lopez v. Terrell*, 654 F.3d 176, 181 (2011), *cert. denied*, 132 S. Ct. 2115 (2012).

to the statute,[10] or the *Skidmore* standard, i.e., the agency's interpretation is controlling only to the extent that it has the power to persuade.[11]  The Second Circuit, in rejecting the argument that the BOP's interpretation of § 3624(b) contained in a regulation was binding, held that the same interpretation as applied in this case contained in a decision of a Regional Director was entitled to *Skidmore*, not *Chevron*, deference.[12]  Therefore, this Court applies the *Skidmore* standard in this case.

## IV.  DISCUSSION

Neal's argument is based upon the decision of the District Court for the District of Oregon in *Kelly v. Daniels*,[13] a case in which the sentencing judge adjusted the 70-month term to forty-two months to give a prisoner credit for a twenty-eight month period he had already served on a related state conviction.  *Kelly*, holding that Kelly's twenty-eight months in state prison counted as a portion of his total federal sentence, ordered the BOP to calculate Kelly's GCT based on his 70-month term of imprisonment.[14]

First, as a decision of a district court, *Kelly* is not binding on this Court.  This Court is, however, bound by decisions of the Second Circuit.[15]  The Second Circuit, has held that "[t]he

---

[10] *Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837, 844 (1984).

[11] *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).

[12] *Lopez*, 654 F.3d at 181-83.

[13] 469 F. Supp.2d 903, 904 (D. Or. 2007).

[14] *Id.*

[15] *See Shannon v. Jacobowitz*, 394 F.3d 90, 94 (2d Cir. 2005) (noting that a prior decision of one panel of the court was the law of the circuit "binding upon both the district court and [the circuit court] until overruled by the Supreme Court or this court *en banc*." (quoting *Gold v. Feinberg*, 101 F.3d 796, 801 (2d Cir. 1996) (internal quotation marks omitted))).

Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody."[16]  In *Lopez*, after extensively examining the statutory framework and extant case law, the Second Circuit held:

> For the foregoing reasons, we are persuaded by the BOP's interpretation of 18 U.S.C. § 3624(b), which limits the award of GCT to the term of imprisonment constituting a defendant's federal sentence as defined under 18 U.S.C. § 3585; accordingly, we defer to that interpretation under *Skidmore,* 323 U.S. 134, 65 S.Ct. 161.
> We therefore REVERSE the judgment of the district court and REMAND with instructions to dismiss Lopez's 28 U.S.C. § 2241 petition.[17]

Because Neal is not entitled to relief under extant Second Circuit law, that ends the inquiry.

Second, even if this Court were to consider *Kelly*, to the extent that it is applicable to the facts of this case, *Kelly* has been effectively abrogated by the Ninth Circuit in a case arising out of the District of Oregon in which the court was presented with the question of "whether a federal prisoner may receive GCT for time served–discharging a state sentence—*before* he was sentenced in federal court."[18]  After reviewing the cases on the question, including the Second Circuit,[19] the Ninth Circuit answered the question in the negative, holding:

---

[16] *United States v. Montez-Gaviria*, 163 F.3d 697, 701 (2d Cir. 1998); *see* 18 U.S.C. § 3585(a) (providing that a sentence begins "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served").

[17] 654 F.3d at 190; *see United States v. Gonzalez*, 192 F.3d 350, 354 (2d Cir. 1999) (reaching a similar result citing 18 U.S.C. § 3585(b)).  The Court notes that, although it is usual practice to permit the parties to address the effect of controlling decisions rendered after briefing is complete, because *Lopez* did not announce any new principle but merely applied the principles previously applied in *Montez-Gaviria* and *Gonzalez* in this case, it would serve no useful purpose.

[18] *Schleining v. Thomas*, 642 F.3d 1242, 1246 (9th Cir. 2011).

[19] *Gonzalez*, 192 F.3d at 355 (holding that a district court cannot "backdate" a federal sentence to the beginning of a state prison term on related charges).  This Court also notes that its
(continued...)

> Because a prisoner can receive GCT credit under 18 U.S.C. § 3624(b) only on time he has served on his federal sentence, and his federal sentence does not begin under 18 U.S.C. § 3585 until he has been sentenced in federal court, Schleining is not eligible for GCT credit for the 21 months he spent in state custody—serving a state sentence—before imposition of his federal sentence on July 8, 2005, notwithstanding the district court's statement that Schleining's federal sentence was to be served concurrent to his unfinished state sentence. Thus, the BOP's calculation of Schleining's GCT credit and of his expected release date must be upheld.[20]

Because the District Court for the District of Oregon is bound by the decisions of the Ninth Circuit,[21] *Shleining* is binding on that court. Consequently, *Kelly* has been stripped of any controlling force whatsoever it might otherwise have had and any reliance on it is misplaced.

Finally, to the extent that the sentence might have been modified to accord Neal the relief he requests, that avenue has been foreclosed on at least two bases. First, there is no authority that would permit this Court to modify a sentence imposed by the District of Massachusetts. Second, Neal has already sought that relief in the District of Massachusetts, which denied him relief. His avenue for further relief on that basis is to the Court of Appeals for the First Circuit.

---

[19](...continued)
independent research did not uncover any decision by the First Circuit that addressed the question presented in this case.

[20] *Scheining*, 642 F.3d at 1249.

[21] *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc).

## V.  CONCLUSION AND ORDER

Neal is not entitled to relief.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus is **DENIED**.

The Clerk of the Court is to enter judgment accordingly.

Dated: September 13, 2012.

/s/ James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
United States District Judge